UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MGM GRAND HOTEL, LLC,

    Plaintiff,

v.

DONALD SULTAN, et al.,

    Defendants.

2:10-CV-1574 JCM (LRL)

**ORDER**

Presently before the court is plaintiff MGM Grand Hotel, LLC's ("MGM") motion to dismiss count II of defendant's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #14). Defendant responded (doc. #15), and plaintiff replied (doc. #22).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

Count II of defendant's counterclaim alleges a claim for trade dress infringement under the Lanham Act. "The Lanham Act was intended to make 'actionable the deceptive and misleading use

**James C. Mahan**
**U.S. District Judge**

1  of marks,' and 'to protect persons engaged in . . . commerce against unfair competition." *Dastar*
2  *Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 (2003) (citing 15 U.S.C. § 1127). In
3  *Dastar*, the court was forced to "decide what § 43(a)(1)(A) of the Lanham Act [meant] by the
4  'origin' of 'goods'." *Id.* at 31. The court in *Dastar* reasoned that the "natural understanding of the
5  'origin' of 'goods' -- the source of wares -- is the producer of the tangible product sold in the
6  marketplace." *Id.* Specifically, the court found that "the phrase 'origin of goods" is . . . incapable of
7  connoting the person or entity that originated the ideas or communication that 'goods' embody or
8  contain." *Id.* at 32.

9  Applying the law to the facts presented, count II of defendant's counterclaim must fail. In his
10 pleading, defendant alleges that "the unique and innovative perspective consistently and boldly
11 conveyed by Sultan in his artworks constitutes a distinct and recognizable signature of Sultan
12 authorship [and that] the use by the plaintiff of Sultan's characteristic expressions create a likelihood
13 of confusion as to the source of authorship of products produced by plaintiff." (Doc. 12, p.8).
14 However, pursuant to the *Dastar* decision, confusion of authorship is not actionable under the
15 Lanham Act. *Id.* at 32.

16 The defendant attempts to mold the pleading to comply with *Dastar* in his opposition to the
17 motion to dismiss, stating that his claim does not rely on misrepresentation of authorship, but rather
18 seeks to allege that "plaintiff has wrongfully infringed the trade dress of the Sultan Works and
19 related works." (Doc. # 15, p.9). This is inapposite, however, because the court is bound to consider
20 the four corners of the pleading on a motion to dismiss, *see Iqbal*, 129 S. Ct. 1947, rather than
21 statements made in conjunction with an opposition to a motion. The counterclaim shall therefore be
22 dismissed for failure to allege a claim upon which relief may be granted.

23 Accordingly,
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion to
2 dismiss count II of defendant's counterclaim (doc. # 14) be, and the same hereby is, GRANTED.
3    DATED August 4, 2011.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -